```
                  UNITED STATES DISTRICT COURT

                    DISTRICT OF CONNECTICUT
```

**ANGELA NASTASIA,**
        **- Plaintiff**


        **v.**                              **CIVIL NO. 3:04CV925 (TPS)**


**NEW FAIRFIELD SCHOOL DISTRICT,**
        **- Defendant**


### RULING ON PLAINTIFF'S MOTION TO COMPEL

Plaintiff brings this action against defendant New Fairfield School District alleging that the District violated Title IX of the Education Act of 1972 by failing to properly investigate and remedy plaintiff's complaints of sexual harassment against a Latin teacher ("the Latin teacher") employed at New Fairfield High School. Presently before the court is plaintiff's motion to compel **[Dkt. #49]**. For the following the reasons the motion is **GRANTED** in part, and **DENIED** in part.

Plaintiff's motion requests four separate items of relief which will be discussed in turn.

**A.   Student Identification Information**

Plaintiff deposed New Fairfied's former Title IX Coordinator and Guidance Counselor Thomas Dickau. During that deposition Mr. Dickau indicated that he knew of another student ("Student I") who

had complained that the teacher in question made inappropriate remarks.  When asked to disclose Student I's identity Mr. Dickau was instructed by defendant's counsel not to answer based on a belief that the information was protected by the Family Educational Rights and Privacy Act ("FERPA").  The plaintiff has moved to compel New Fairfield to disclose Student I's identification information.

The plaintiff has advanced a number of arguments which, she claims, shows that the identification information requested is not protected by FERPA.  The defendant, on the other hand, submits that the information is in fact protected and refuses to disclose the information absent a court order.  The court has throughly reviewed plaintiff's arguments, including the supporting citations to case law, the United States Code and the Code of Federal Regulations.  After reviewing these and other authorities the court is unconvinced that the identification information is not protected by FERPA.  However, the court finds that the issue regarding whether the identification information is protected by FERPA is not essential in order for the plaintiff to receive the benefit of the relief sought because the court is amenable to ordering the information's disclosure.

FERPA permits New Fairfield to disclose a student's educational records to comply with a judicial order.  34 CFR 99.31(9)(i).  The court finds that such an order is appropriate

here because the information plaintiff seeks is arguably relevant to her claims and is in the exclusive control of the defendant. Therefore, the defendant is **ORDERED** to disclose the name, address and telephone number of Student I and her parents **within twenty days** of this ruling.  To comply with 34 CFR 99.31(9)(ii) the defendant is further **ORDERED** to inform Student I's parents of this court's order **within five days** hereof.

**B.   Information Regarding Similar Student Complaints**

The plaintiff asserts that her counsel received the following email from the father of a former New Fairfield High School student:

> "We know [the plaintiff Angela Nastasia].  We had a similar situation with my oldest daughter at New Fairfield High School.  At that time (1999-2000) my daughter [redacted] was grabbed on both [b]reasts by [redacted].  The whole case was glossed over by the Principal...and the [S]uperintendent....  We heard from other girls who had similar complaints.

On October 26, 2005 Judge Squatrito issued the following discovery order which, in relevant part, stated, "Plaintiff's [discovery] requests...must be narrowed to complaints of 'Inappropriate Conduct' similar to those made by plaintiff *during the time plaintiff attended the high school*."  (Dkt. #39) (emphasis added).[1] Judge Squatrito's order thus explicitly prevents discovery on the

---

[1] This case was subsequently transferred to the undersigned on consent.  (See Dkt. #59).

matter discussed in the email because during the 1999-2000 school year the plaintiff did not attend New Fairfield High School. Plaintiff moves that Judge Squatrito's order be modified to permit discovery on the complaints cited in the email.

Judge Squatrito's order carefully balanced the relevance of the school's response to similar complaints with the burden on the school of producing documentary evidence potentially dating back many years and involving actions by administrators who may no longer be employed at New Fairfield. The undersigned finds that the balance is not disturbed by permitting discovery on the complaints cited in the email. The plaintiff has a good faith basis upon which to believe that events similar to those cited in her complaint occurred a year before the she entered New Fairfield High and that the school district potentially did not adequately respond. Thus, the information is clearly relevant to her Title IX claim. Further, the court finds that the burden on the school district to produce these documents is minimal. Therefore, the defendant is **ORDERED** to produce all documents relating to incidents similar to those described in plaintiff's complaint during the 1999-2000 school year involving either the Principal or the Superintendent involved in the present action **within 20 days hereto**.

C.   **Board of Education Files**

Plaintiff's production requests 13 and 14 asked the defendants

to produce any documents concerning the teacher in question or inappropriate conduct which were authored by any School Board member. Defendant represents to the court that the files have been checked and that no such documents exist. Defendant further represents that the files will be re-checked and if any documents do surface they will be disclosed to the plaintiff. Plaintiff's reply memorandum evidences satisfaction over defendant's response. The court too is satisfied by these representations. Therefore, on this issue the Motion to Compel is **DENIED** as moot.

**D.   Proposed Deposition of School District's Attorney**

Plaintiff seeks an order compelling the defendant to produce the school district's attorney, Dan Murphy, for a deposition. Plaintiff proposes two lines of questioning: 1) why the school district chose to impose the discipline it did with regard to the Latin teacher; and 2) the role Attorney Murphy played in investigating plaintiff's complaint.

The deposition of an opposing party's attorney is not *per se* prohibited. In re Subpoena Issued to Dennis Friedman, 350 F.3d 65, 71-72 (2d Cir. 2003)("Dennis Friedman"). Instead,

> the judicial officer supervising discovery [may take] into consideration all of the relevant facts and circumstances to determine whether the proposed deposition would entail an inappropriate burden or hardship. Such considerations may include the need to depose the lawyer, the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation, the risk of encountering privilege and work-product issues, and the extent of discovery already conducted.

Id. at 72.  In light of the above factors the court finds that the deposition of Attorney Murphy is not appropriate.

The plaintiff is correct when she states that she must establish the district's state of mind in order to prove deliberate indifference and thus impose Title IX liability on the school. Where her argument falters, however, is in equating Attorney Murphy with the New Fairfield School District.  Attorney Murphy is not the school district, he simply counsels the school and suggests appropriate action.  The person who best embodies the "state of mind" of the school district is the ultimate decision maker, New Fairfield's Superintendent Dr. Matusiak.  It is Dr. Matusiak, not Attorney Murphy, who makes the ultimate determination as to how the school's employees will be disciplined.  The plaintiff has already deposed Dr. Matusiak.  Thus, regarding Attorney Murphy's role in determining the level of discipline imposed on the Latin teacher, his deposition is unnecessary as it would lead to less relevant information than that already adduced at Dr. Matusiak's deposition. Additionally, defendant's counsel has represented to the court that Attorney Murphy took no part in the investigation of plaintiff's complaint.  The court accepts this representation.

The court further finds that the line of questioning proposed would likely lead to attorney-client privilege and work-product issues.  Any advice Attorney Murphy gave the School would be directly related to information provided to him, in confidence, by

his client and would thus be privileged.  If Attorney Murphy transmitted his impressions and strategies to paper, those documents  would likely be protected by the work-product rule. Therefore, in light of the <u>Dennis Friedman</u> factors, plaintiff's motion to compel the deposition of Attorney Dan Murphy is **DENIED**.

This case is before the undersigned pursuant to  28 U.S.C. § 636(c) and D. Conn. Magis. R. 73(A)(1).  This is a discovery ruling and order.

**IT IS SO ORDERED.**

**Dated at Hartford, Connecticut this _____ day of June, 2006.**

 

 

**Thomas P. Smith**
**United States Magistrate Judge**